PLUMMER, f.k.a. Hose, Appellant,

v.

HOSE, Appellee.

[Cite as *Plummer v. Hose* (1993), 83 Ohio App.3d 392.]

Court of Appeals of Ohio,
Stark County.

No. CA–9108.

Decided March 29, 1993.

*Mark R. Percival*, for appellant.

*Richard B. Pinhard*, for appellee.

GWIN, Presiding Judge.

Plaintiff-appellant, Martha Plummer, f.k.a. Martha Hose ("appellant"), appeals from the judgment entered in the Canton Municipal Court dismissing her cause of action against defendant, H. Lawrence Hose ("appellee"), with prejudice. Appellant assigns as error:

"I.   The trial court erred as a matter of law and abused its discretion in the granting of an order dismissing plaintiff/appellant's case as to all issues with prejudice."

This matter originated by the filing of appellant's *pro se* complaint against appellee in the Canton Municipal Court on February 7, 1992.  Although appellant did not allege a breach of an agreement, it can be gleaned from the filing that appellant sought from appellee the amount of $6,931.59 for breach of a contract. Nonetheless, the trial court granted appellee's motion to dismiss appellant's complaint for failure to state a claim upon which relief could be granted pursuant to Civ.R. 12(B)(6).  In addition to its dismissal of appellant's cause, the trial court granted appellant "leave to file an amended complaint by July 17, 1992."

On August 5, 1992, the trial court granted appellee's motion to dismiss appellant's cause of action with prejudice for her failure to amend the complaint as ordered.  It is from this ruling that appellant seeks our review.

I

For the reasons that follow, we reverse the judgment entered in the Canton Municipal Court.

It is well settled that a Civ.R. 12(B)(6) dismissal is procedural in nature and not a judgment on the merits of a case.  *Slife v. Kundtz Properties, Inc.* (1974), 40 Ohio App.2d 179, 69 O.O.2d 178, 318 N.E.2d 557.  Civ.R. 12(B)(6) motions test the sufficiency of a complaint; not the merits of the case.  Therefore, we pay particular attention to a case such as this where a Civ.R. 12(B)(6) dismissal results in a dismissal with prejudice.

In its original dismissal entry, the trial court granted appellant until July 17, 1992 to file an amended complaint.  We find this additional language to be superfluous.  Appellant's cause of action was terminated under case No. 92–CVF–0904 once the trial court dismissed the action for appellant's failure to state a claim upon which relief could be granted.  The trial court was without authority to dismiss the case and then grant the dismissed party leave to file an amended complaint within the same document.

■ Furthermore, and more troublesome, was the trial court's judicial usurpation of the legislative statute of limitations for bringing an action upon a contract. R.C. 2305.06 provides that a party may bring an action for breach of contract within fifteen years after the cause accrued. Here, the contract in controversy was entered into on February 7, 1992. As such, appellant would have at least until February 7, 2007, to bring her action. The trial court's judgment dismissing appellant's cause of action and limiting her until July 17, 1992, was a judicial attempt to limit appellant's cause of action to less than twelve months and was error.

Accordingly, case No. 92–CVF–0904 was effectively terminated on June 23, 1992, (the date upon which the first judgment of dismissal was entered) and appellant may refile her cause of action at any time within the perimeters of R.C. 2305.06.

Appellant's sole assigned error is affirmed and the judgment entered in the Canton Municipal Court is hereby reversed.

*Judgment reversed.*

SMART and FARMER, JJ., concur.