JOURNAL ENTRY AND OPINION.
{¶ 1} Plaintiff-appellant, John S. Simpson, pro se, appeals from the trial court's order granting the Civ.R. 12(B)(6) motion to dismiss of defendant-appellee, the City of Lakewood. For the reasons that follow, we affirm.
 {¶ 2} The facts of the underlying matter that led to the case at bar were set forth by this court in Lakewood v. Simpson, Cuyahoga App. No. 80383, 2002-Ohio-4086, as follows:
 {¶ 3} "At approximately 12:30 a.m. on June 6, 2001, Simpson claimed he inadvertently dialed 911 and quickly hung up his phone. A City of Lakewood police dispatcher called his number back, and he told her that he had mistakenly dialed 911 and that the police were not needed. The dispatcher informed him that the police were already en route to his apartment, and he restated that the police were not needed and hung up. Although the dispatcher repeatedly attempted to call him a second time, he did not answer his phone thereafter.
 {¶ 4} "She discovered that there was a caution file for Simpson's address, noting that the individual living there named `John Simpson' may have had `emotional problems' and owned a gun.
 {¶ 5} "Patrolmen Tony Sidell and Truman McGonagle responded to Simpson's Clarence Avenue apartment complex. Visitors to Simpson's building need to be `buzzed' in from a common vestibule, and the officer tried several times to reach Simpson through his doorbell, but he did not respond. Sergeant Ward, a supervisor on duty, joined the officers; they were able to reach a tenant who `buzzed' them in, and they proceed to Simpson's apartment.
 {¶ 6} "They knocked on his door and identified themselves, and he answered through the door that everything was fine and they were not needed. The officers persisted in knocking and advised several times that they needed to enter to verify that no one in the apartment needed assistance. Simpson then partially opened his door; the apartment was dark and the officers could see only his head and one arm.
 {¶ 7} "Simpson refused them entry, refused to identify himself and kept replying that `we are fine,' and `leave my family alone.' When he attempted to shut his door, Sergeant Ward prevented it and the officers entered, and Simpson was immediately handcuffed and seated. A quick search of the apartment confirmed that Simpson had, in fact, been alone, and that no emergency existed requiring police intervention. Sergeant Ward issued him a citation for obstruction of official business and the officers left." Id. at ¶¶ 2-6.
 {¶ 8} After a bench trial in Lakewood Municipal Court, Simpson was convicted of one count of obstructing official business, a second degree misdemeanor, in violation of Lakewood Codified Ordinance (L.C.O.) 525.07. The trial judge sentenced Simpson to 90 days in jail and a $750 fine, with the jail time and $600 of the fine suspended. He also ordered that Simpson be placed on probation for two years, and that he submit to a psychiatric exam and abide by all treatment recommendations following that evaluation.
 {¶ 9} This Court vacated Simpson's conviction on appeal. We found that Simpson's "refusal to respond to the building entrance buzzer, open his door at the officers' request, or consent to their entry [were] not affirmative acts, but omissions, and L.C.O. 525.07 does not, and cannot, prohibit a failure to act." Id. at ¶ 16. We further found that "Simpson's only active conduct was to attempt to close his door, but there was no evidence that the officers, when they subsequently pushed through, were more than momentarily hindered or impeded by the attempt. Clearly L.C.O. 525.07 does not criminalize a minor delay, annoyance, irritation or inconvenience." Id. We concluded that "L.C.O. 525.07(a) exclude[d] Simpson's omissions and conduct prior to closing his door from consideration by the trier of fact, yet that [was] exactly what both the testimony and the prosecutor's closing argument claimed as the basis for the charge." Id. at ¶ 19. Accordingly, we held that the City failed to prove the elements of L.C.O. 525.07 and, therefore, we reversed the trial court's judgment of conviction and entered an acquittal.
 {¶ 10} Subsequently, on January 21, 2003, Simpson filed a pro se complaint against the City of Lakewood in the Cuyahoga County Common Pleas Court. The complaint stated, in its entirety:
 {¶ 11} "Wherefore, Plaintiff demands judgment against Defendant in Civil Lawsuit for the amount of $15,000 or more, interest and costs."
 {¶ 12} Attached to Simpson's complaint were a copy of the opinion of this court in Lakewood v. Simpson, Cuyahoga App. No. 80383, 2002-Ohio-4086, and a copy of an order dated December 18, 2002 issued by the Ohio Supreme Court declining jurisdiction to hear an appeal of the case.
 {¶ 13} The City subsequently filed a motion to dismiss Simpson's complaint pursuant to Civ.R. 12(B)(6), arguing that Simpson's complaint did not give any statement of his claim, as required by Civ.R. 8(A). Civ.R. 8(A), regarding the general rules of pleading, provides that "a pleading that sets forth a claim for relief * * * shall contain 1) a short and plain statement of the claim showing that the party is entitled to relief, and 2) a demand for judgment for the relief to which the party claims to be entitled."
 {¶ 14} The trial court granted the City's motion and Simpson appealed.
 {¶ 15} Simpson raises two assignments of error. In essence, Simpson contends that our opinion in Case No. 80383 and the order of the Ohio Supreme Court declining jurisdiction, which were attached to his complaint, "are a set of facts of the incident that entitle [him] to relief" and, therefore, the trial court erred in granting the City's Civ.R. 12(B)(6) motion to dismiss.
 {¶ 16} As this court stated in Slife v. Kundtz Properties, Inc.
(1974), 40 Ohio App.2d 179, 182:
 {¶ 17} "For the purposes of a motion to dismiss, the complaint is to be liberally construed in a light most favorable to the plaintiff, and the material allegations are to be taken as admitted. The `complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' Conley v. Gibson (1957),355 U.S. 41, 45-46. See, also, Cook Nichols, Inc. v. Plimsol Club
(C.A. 5, 1971), 451 F.2d 505, 506.
 {¶ 18} "In ruling on a Rule 12(B)(6) motion, a court inquires whether the allegations constitute a statement of claim under Civil Rule 8(A). Actually few complaints fail to meet the liberal standards of Rule 8 and become subject to dismissal. Minkoff v. Steven Jrs., Inc., (C.A. 2, 1958), 260 F.2d 588. All that the civil rules require is a short, plain statement of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it is based. Conley v.Gibson, supra at 47. Moreover, the motion to dismiss is viewed with disfavor and should rarely be granted. See, e.g., Madison v. Purdy, (C.A. 5, 1969), 410 F.2d 99, 100-101."
 {¶ 19} When reviewing a judgment granting a Civ.R. 12(B)(6) motion for failure to state a claim upon which relief can be granted, an appellate court must independently review the complaint to determine if dismissal was appropriate and need not defer to the trial court's decision. Sturgill v. Village of Lockbourne (Oct. 28, 1997), Cuyahoga App. No. 97APE01-139.
 {¶ 20} Here, it is apparent that Simpson's complaint did not contain a short, plain statement of his claim showing his entitlement to relief, as required by Civ.R. 8(A). Rather, the complaint contained only a demand for judgment. Accordingly, because there were no allegations whatsoever contained in the complaint itself, we hold that the trial court did not err in granting the City's motion to dismiss for failure to state a claim.
 {¶ 21} The fact that Simpson attached our opinion in Case No. 80383 and the order from the Ohio Supreme Court to his complaint does not change this result. Although our opinion clearly sets forth the facts giving rise to Simpson's lawsuit, Civ.R. 8(A) requires that a complaint contain "a short, plain statement of the claim showing the entitlement to relief." Crise v. Cleveland, Cuyahoga App. No. 80984, 2002-Ohio-6229, ¶ 25 (O'Donnell, J., dissenting.) Because Simpson's complaint did not do so, the trial court did not err in granting the motion to dismiss.
 {¶ 22} Simpson argues, however, that he was not required to set forth any allegations in his complaint because Civ.R. 9(E) "provides that it is sufficient to aver the decision or judgment, eliminating the need to plead facts." Simpson's reliance on Civ.R. 9(E) is misplaced, however.
 {¶ 23} Civ.R. 9(E) provides that "in pleading a judgment or decision of a court of this state * * *, it is sufficient to aver the judgment or decision without setting forth matter showing jurisdiction to render it." Thus, the rule allows the inclusion of a judgment of another court in a pleading without specifically requiring the pleader to identify the court's jurisdiction to render the judgment. It does not, however, eliminate the requirements of Civ.R. 8(A) to set forth a short statement of the claim.
 {¶ 24} That said, we fail to see what benefit the dismissal provided to anyone. It is well settled that a Civ.R. 12(B)(6) dismissal is procedural in nature and not a judgment on the merits of a case. Plummerv. Hose (1993), 83 Ohio App.3d 392, 393, citing Slife, supra. Civ.R. 12(B)(6) motions test the sufficiency of a complaint; not the merits of the case. This principle is especially true in this case: because no claim was stated, the dismissal obviously did not decide the merits of any claim. Accordingly, Simpson is free to file an amended complaint and the trial court will then once again be confronted with the very lawsuit it so hastily dismissed.[1]
 {¶ 25} Likewise, because Simpson is free to refile, the City gained nothing through its motion to dismiss. As the City conceded at oral argument, it would have been better served to have filed a motion for a more definite statement pursuant to Civ.R. 12(E). Then, if Simpson did not comply with the trial court's order to amend his complaint, the trial court could, indeed, have dismissed the complaint with prejudice.
 {¶ 26} Civ.R. 8(F) specifically provides that "all pleadings shall be so construed as to do substantial justice." Likewise, Civ.R. 1(B) mandates that the Civil Rules of Procedure "be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice." Here, although Simpson's complaint was technically not in compliance with Civ.R. 8(A), it was very apparent from attachments to the complaint whatfacts Simpson intended to rely upon to support his as yet unstatedclaims. Thus, to eliminate delay and unnecessary expense, and to do substantial justice, the trial court should have ordered that Simpson simply file an amended complaint.
 {¶ 27} We remind the trial court of another well settled principle of Ohio law: whenever possible, cases should be decided on their merits, rather than upon procedural niceties and technicalities. CEI v.Finesilver (Apr. 25, 1996), Cuyahoga App. No. 69363, citing Perotti v.Ferguson (1983), 7 Ohio St.3d 1; Rafalski v. Oates (1984),17 Ohio App.3d 65. Here, although Simpson's complaint was technically deficient, the trial court could easily have ordered Simpson to remedy the deficiency so that the case could have proceeded on its merits.
Judgment affirmed.
ANNE L. KILBANE, P.J., CONCURS; ANN DYKE, J., CONCURS IN JUDGMENT ONLY.
[1] Simpson included an amended complaint that meets the requirements of Civ.R. 8(A) in his brief on appeal. Filing an amended complaint in the Court of Appeals does not cure the deficiencies of his original complaint, however, or make the issue moot on appeal.