OPINION
{¶ 1} On January 27, 2003, appellant, Dorn Byg, filed a complaint against appellees, Ruth Lynch, Douglas Lynch, Marko, Inc., Linko, Inc., and Chestnut Investment Company, alleging breach of fiduciary duty, diversion and conversion of corporate funds, wasting of corporate assets, bad faith, and negligent and willful failure to enforce the rights of the corporation and/or the minority shareholders. The three companies, Marko, Linko and Chestnut, operate as corporate holding companies for a number of income producing real properties. These companies were formed by James Lynch in 1971. In 1999, Mr. Lynch died intestate. Appellant, as a vested beneficiary of Mr. Lynch's estate, acquired 22.22% of the shares in each of Marko and Linko. At the time of the filing of the complaint, appellant did not hold any shares in Chestnut. Also on January 27, 2003, appellant filed a motion for the appointment of a receiver for the companies.
 {¶ 2} On March 4, 2003, appellant, Jon Lynch, as an additional 22.22% shareholder in each of Marko and Linko, intervened as a plaintiff.
 {¶ 3} On March 28, 2003, appellee Douglas Lynch filed a motion to dismiss pursuant to Civ.R. 12(B)(6) and Civ.R. 23.1, claiming the complaint failed to state a claim upon which relief may be granted. By judgment entry filed June 23, 2003, the trial court granted said motion with prejudice.
 {¶ 4} On July 3, 2003, appellant Byg filed an appeal, Case No. 03CA45, assigning the following errors:
 I {¶ 5} "The trial court committed reversible error by adopting and journalizing defendant douglas lynch's proposed entry, which dismissed plaintiff's complaint with prejudice."
 II {¶ 6} "The trial court committed reversible error when it granted defendant douglas lynch's motion to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted."
 III {¶ 7} "The trial court committed reversible error when it dismissed plaintiff's complaint as to defendant chestnut investment company."
 {¶ 8} On July 8, 2003, appellant Lynch filed an appeal, Case No. 03CA48, assigning the following errors:
 I {¶ 9} "The trial court committed reversible error by adopting and journalizing defendant douglas lynch's proposed entry, which dismissed intervening plaintiff's complaint with prejudice."
 II {¶ 10} "The trial court committed reversible error when it granted defendant douglas lynch's motion to dismiss intervening plaintiff's complaint for failure to state a claim upon which relief may be granted."
 III {¶ 11} "The trial court committed reversible error when it dismissed intervening plaintiff's complaint as to defendant Chestnut Investment Company Inc."
 {¶ 12} This matter is now before this court for consideration. Because the arguments under the assignments of error in each case are identical, we will address them collectively.
 I {¶ 13} Appellants claim the trial court erred in dismissing the complaint pursuant to Civ.R. 12(B)(6) with prejudice. We agree.
 {¶ 14} Although the trial court's dismissal is silent as to prejudice, a dismissal pursuant to Civ.R. 12(B)(6) is an adjudication on the merits unless the trial court indicates otherwise. State ex rel.O'Donnell v. Vogelgesang (1993), 91 Ohio App.3d 585.
 {¶ 15} Appellants argue the dismissal was "otherwise than on the merits" and therefore it should have been granted "without prejudice."
 {¶ 16} The trial court granted the motion pursuant to Civ.R. 12(B)(6) and Civ.R. 23.1 where no evidence was considered outside the four corners of the complaint. The motion to dismiss was predicated on the following points:
 {¶ 17} "(1) Plaintiff's claims on behalf of Chestnut Investment Company fail because he has never had an ownership interest in Chestnut and, therefore, lacks standing to assert claims on its behalf;
 {¶ 18} "(2) Plaintiff's shareholder derivative claims fails because he did not make a demand to sue upon the directors of Marko, Linko or Chestnut;
 {¶ 19} "(3) Plaintiff's request for dissolution of Marko and Linko fails to present a cognizable claim because, as a minority shareholder, he does not satisfy the requirements of R.C. § 1701.91(A)(2)(c) or (A)(3); and
 {¶ 20} "(4) Pursuant to R.C. § 2735.01, Plaintiff's request for the appointment of a receiver fails because it is the only cause pending before the Court."
 {¶ 21} Because the motion was based in part upon the failure of the complaint to state the statutory requirements of R.C. 1701.91(A)(2) or (A)(3) and Civ.R. 23.1, we find such to be a decision otherwise than on the merits. "It is well settled that a Civ.R. 12(B)(6) dismissal is procedural in nature and not a judgment on the merits of a case. * * * Civ.R. 12(B)(6) motions test the sufficiency of a complaint; not the merits of the case. Therefore, we pay particular attention to a case as this where a Civ.R. 12(B)(6) dismissal results in a dismissal with prejudice." Plummer v. Hose (March 29, 1993), 83 Ohio App.3d 392, 393.
 {¶ 22} Upon review, we find the trial court erred in dismissing the complaint "with prejudice."
 {¶ 23} Assignment of Error I is granted.
 II {¶ 24} Appellants claim the trial court erred in granting the motion to dismiss. Specifically, appellants claim the complaint was legally sufficient, they had standing, they complied with Civ.R. 23.1 and the request for a receiver was sufficiently pled. We agree in part.
 {¶ 25} Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. Greely v. Miami Valley Maintenance Contrs. Inc.
(1990), 49 Ohio St.3d 228. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd.of Commrs., 65 Ohio St.3d 545, 1992-Ohio-73. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party.Byrd. v. Faber (1991), 57 Ohio St.3d 56.
 STANDING ISSUE {¶ 26} Although appellants admit they were not shareholders in Chestnut at the time of the filing of the complaint, they nevertheless argue they have an equitable ownership in the shares as vested beneficiaries.
 {¶ 27} Chestnut, as the caption in the complaint indicates, is a closely held corporation currently owned by the Estate of James Lynch. See, Complaint filed January 27, 2003 at ¶ 3. Because appellants are not shareholders in Chestnut, they have no standing to initiate a derivative action against Chestnut.
 R.C. 1701.91(A)(2)(c) or (A)(3) {¶ 28} Appellants' request for judicial dissolution of the companies was based on R.C. 1701.91(A)(2)(c) or (A)(3) which state as follows:
 {¶ 29} "(A) A corporation may be dissolved judicially and its affairs wound up:
 {¶ 30} "(2) By an order of the court of common pleas of the county in this state in which such corporation has its principal office, in an action brought by holders of shares entitled to dissolve the corporation voluntarily, when it is established:
 {¶ 31} "(c) That the objects of the corporation have wholly failed or are entirely abandoned or that their accomplishment is impracticable;
 {¶ 32} "(3) By an order of the court of common pleas of the county in this state in which the corporation has its principal office, in an action brought by the holders of shares entitling them to exercise a majority of the voting power of the corporation on such proposal, or the holders of such lesser proportion as are entitled by the articles to dissolve the corporation voluntarily, when it is established that it is beneficial to the shareholders that the corporation be judicially dissolved."
 {¶ 33} By reading the complaint, appellants together own only 44.44% of the shares in each of Marko and Linko. Therefore, the complaint fails to state a cause of action under R.C. 1701.91(A)(2)(c) or (A)(3).
 SHAREHOLDER DERIVATIVE ACTION {¶ 34} Civ.R. 23.1 is specific as to the contents of a complaint. Said rule states the following:
 {¶ 35} "In a derivative action brought by one or more legal or equitable owners of shares to enforce a right of a corporation, the corporation having failed to enforce a right which may properly be asserted by it, the complaint shall be verified and shall allege that the plaintiff was a shareholder at the time of the transaction of which he complains or that his share thereafter devolved on him by operation of law. The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors and, if necessary, from the shareholders and the reasons for his failure to obtain the action or for not making the effort. The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders similarly situated in enforcing the right of the corporation. The action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to shareholders in such manner as the court directs."
 {¶ 36} The complaint sets out a litany of shareholder grievances against the directors, officers and majority shareholders (Doug Lynch and Ruth Lynch), including conversion of funds and corporate assets. See, Complaint at ¶ 25-29. Paragraph 30 states the reason for not making a specific demand for action:
 {¶ 37} "It would be futile for Plaintiff to request that Defendants Ruth Lynch and Doug Lynch force Marko, Linko, and Chestnut to pursue the above described cause of action as Ruth Lynch and Doug Lynch are the individuals who have caused the damage to the corporations and its shareholders."
 {¶ 38} Appellants argue this paragraph is sufficient to meet the requirements of Civ.R. 23.1 because to request the companies, whose directors and officers are one and the same, would have been futile. By claiming conversion by the directors and officers, there would not have been a reasonable response to any request.
 {¶ 39} The question is whether ¶ 30 is sufficient to establish the reason for not making the effort since Civ.R. 23.1 is written in the disjunctive.
 {¶ 40} Because Ohio is a notice pleading state, we find the paragraph to be sufficient to meet the requirements of Civ.R. 23.1.
 {¶ 41} Assignment of Error II is granted in part. The complaint is reinstated as to Marko, Linko, and Ruth Lynch and Douglas Lynch in their corporate capacity only.
 III {¶ 42} Appellants claim the trial court erred in dismissing the request for a receiver. As to Marko and Linko only, the request for a receiver is reinstated consistent with our decision in Assignment of Error II.
 {¶ 43} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed in part, reversed in part and remanded.
Hoffman, P.J. and Edwards, J. concur.