OPINION
{¶ 1} Walter C. Reasoner, plaintiff-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court granted summary judgment to the city of Columbus and Judge Bruce Jenkins, defendants-appellees.
 {¶ 2} On February 5, 2002, appellant filed his initial suit against appellees alleging that Judge Bruce Jenkins violated his constitutional rights by dismissing a previous action brought by appellant when appellant refused to retain an attorney. Appellant sued the city of Columbus in its capacity as Judge Jenkins' employer. An amended complaint was filed, and appellees filed a Civ.R. 12(B)(6) motion, arguing that Judge Jenkins was immune from liability for his alleged actions. On June 28, 2002, the trial court issued a judgment granting appellees' Civ.R. 12(B)(6) motion to dismiss the amended complaint, concluding that appellant could not state a claim upon which relief could be granted because the affirmative defense of judicial immunity prevented recovery. This court affirmed the trial court's decision in Reasoner v. City ofColumbus, Franklin App. No. 02AP-831, 2003-Ohio-670.
 {¶ 3} On February 12, 2004, appellant filed a "renewal complaint" in the present action against appellees. Appellant claimed he was filing the "renewal complaint" against the same parties and based upon the same grounds as contained in his February 5, 2002 complaint pursuant to R.C.2305.19, the "savings statute." On May 18, 2004, appellees filed a motion for summary judgment based upon res judicata. On July 12, 2004, a judgment was filed granting appellees' motion for summary judgment. Appellant appeals the judgment of the trial court, asserting the following four assignments of error:
First Assignment of Error
The trial Court erred in not taking judicial notice of the rules of the Supreme Court of this state, and of the decisional, Constitutional, and public statutory law of this state.
Second Assignment of Error
The trial Court erred in granting Defendants Summary Judgment based on evidence not properly before the Court.
Third Assignment of Error
The trial Court erred in granting Defendants summary judgment when there exists a genuine issue of adjudicative fact of "whether or not the common law doctrine of judicial immunity conflicts with Sections of the Ohio Constitutions [sic], Bill of Rights."
Fourth Assignment of Error
The trial Court erred in not engaging in an analysis of the "City's liability" before dismissing Plaintiff's instant refiled case under Civ.R. 56.
 {¶ 4} Appellant argues in his first assignment of error that the trial court erred in granting summary judgment to appellees. Our review of the trial court's decision to grant summary judgment is de novo. See Heltonv. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. See State ex rel. Grady v. State Emp. Relations Bd. (1997),78 Ohio St.3d 181, 183; Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 65-66.
 {¶ 5} Appellant basically asserts under this assignment of error that res judicata does not apply to a prior dismissal based upon the failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6). Res judicata operates to preclude the relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction. State exrel. Kroger Co. v. Indus. Comm. (1998), 80 Ohio St.3d 649, 651. The party asserting res judicata must show the following four elements: (1) there was a prior valid judgment on the merits; (2) the second action involved the same parties as the first action; (3) the present action raises claims that were or could have been litigated in the prior action; and (4) both actions arise out of the same transaction or occurrence. SeeGrava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 381-382.
 {¶ 6} There is no dispute that the current action involved the same parties, raised the same claims, and arose out of the same occurrence as the prior February 5, 2002 action, and that there was a prior valid judgment rendered in that action on June 28, 2002. Therefore, the only issue in dispute is whether the June 28, 2002 judgment was on the merits.
 {¶ 7} Appellant claims that a dismissal for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6) is not a judgment on the merits. We disagree. Civ.R. 41 relates to dismissals of actions. Subsection (A) applies to voluntary dismissals, and subsection (B) applies to involuntary dismissals. Because the June 28, 2002 dismissal at issue in the present case was ordered by the court, it was an involuntary dismissal pursuant to Civ.R. 41(B), which provides that, when a plaintiff fails to comply with the Civil Rules, the court may dismiss the action. Civ.R. 41(B)(3) provides that a dismissal under subsection (B) and any dismissal not provided for in Civ.R. 41, except as provided in (B)(4) of the rule, operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies. In the present case, the exception for dismissals under (B)(4) did not apply because the prior dismissal was not for lack of personal or subject-matter jurisdiction or the failure to join a party. Accordingly, the previous dismissal must be deemed to have been on the merits pursuant to Civ.R. 41(B)(3), unless the court specified otherwise in its order. Clearly, the June 28, 2002 judgment did not specify that the dismissal was otherwise than on the merits. Therefore, pursuant to Civ.R. 41(B)(3), the June 28, 2002 dismissal acted as an adjudication upon the merits. As there was a prior valid judgment on the merits, and all of the other requirements for the application of res judicata were met, res judicata applied to prevent appellant's refiling of his February 12, 2004 "renewal complaint."
 {¶ 8} The court in Customized Solutions, Inc. v. Yurchyk Davis,CPA's, Inc., Mahoning App. No. 03 MA 38, 2003-Ohio-4881, analyzed a similar situation under Civ.R. 41(B). The issue before the court in that case was whether a prior complaint, which was dismissed under Civ.R. 12(B)(6) for failure to state a claim upon which relief could be granted and which did not state that it was dismissed without prejudice, was res judicata as to a subsequent complaint that arose out of the same occurrence. The court concluded that a dismissal under Civ.R. 12(B)(6) for failure to state a claim is a dismissal under Civ.R. 41(B)(1) for failure to comply with the Civil Rules. Id., at ¶ 23. The court further found that, even if it were not such a dismissal under Civ.R. 41(B)(1), it would at least fall under Civ.R. 41(B)(3)'s catch-all provision, "and any dismissal not provided for in this rule." Id. Thus, the court concluded, in either case, if the Civ.R. 12(B)(6) dismissal order failed to state that it was without prejudice or that it was not on the merits, then the dismissal must be automatically categorized as a dismissal with prejudice or on the merits under Civ.R. 41(B)(3). Id.
 {¶ 9} The court in Customized Solutions acknowledged that there existed authority to the contrary; however, it cited a recent Ohio Supreme Court case, Hughes v. Calabrese, 95 Ohio St.3d 334, 2002-Ohio-2217, in support of its analysis. In Hughes, the court addressed whether a second petition for a writ of prohibition was barred by res judicata due to its prior dismissal of the petition under S.Ct.Prac.R. X(5), which did not specify whether the dismissal was with or without prejudice. The court concluded that its original dismissal operated as an adjudication on the merits pursuant to Civ.R. 41(B)(3) because the court's order did not specify otherwise and, thus, res judicata applied to bar the subsequent action. Id., at ¶ 13.
 {¶ 10} This court has also previously found that the dismissal of a complaint pursuant to a Civ.R. 12(B)(6) motion is a determination upon the merits of that complaint. See Mayrides v. Franklin Cty. Prosecutor'sOffice (1991), 71 Ohio App.3d 381 (a dismissal under Civ.R. 12[B][6] operates as an adjudication on the merits pursuant to Civ.R. 41[B][3]);City of Euclid v. Weir (June 27, 1978), Franklin App. No. 77AP-958. Other courts have found the same. See, e.g., Cairns v. Ohio Sav. Bank (1996),109 Ohio App.3d 644 (Eighth Appellate District); Collins v. Natl. CityBank, Montgomery App. No. 19884, 2003-Ohio-6893 (an order of dismissal entered pursuant to Civ.R. 12[B][6] is an adjudication on the merits of the issue the rule presents, which is whether a pleading put before the court states a claim for relief); Birgel v. Bd. of Commrs. of ButlerCty. (Jan. 23, 1995), Butler App. No. CA94-02-042.
 {¶ 11} As noted in Customized Solutions, there is also authority to the contrary. See, e.g., Jackson v. Ohio Bur. of Workers' Comp. (1994),98 Ohio App.3d 579 (petition was dismissed not on the merits but, rather, pursuant to Civ.R. 12[B][6] for failure to state a claim upon which relief could be granted; thus, the doctrine of res judicata will not prevent a claim from being considered); Plummer v. Hose (1993),83 Ohio App.3d 392, 393 (a Civ.R. 12[B][6] dismissal is procedural in nature and not a judgment on the merits of a case); Simpson v. City ofLakewood, Cuyahoga App. No. 82624, 2003-Ohio-4953 (citing Plummer,
supra). However, many of these cases were decided before the Ohio Supreme Court's decision in Hughes, and none of the decisions that were rendered post-Hughes addressed the application of Hughes. Thus, we find these cases less persuasive. Accordingly, pursuant to our reading of the Civil Rules and the decisions in Customized Solutions, Hughes, and Mayrides, we find that the dismissal of appellant's prior complaint pursuant to a Civ.R. 12(B)(6) motion was a determination upon the merits for purposes of res judicata. For this reason, the trial court properly granted summary judgment in favor of appellees in the present case. Appellant's first assignment of error is overruled.
 {¶ 12} Appellant argues in his second assignment of error that the trial court erred in granting appellees summary judgment based upon evidence not properly before that court. Specifically, appellant contends that appellees improperly attached the following two documents to their motion for summary judgment: (1) a copy of the June 28, 2002 judgment filed in the first action; and (2) a copy of case law from another court. However, appellant failed to raise these arguments at the trial court level. Appellant's failure to raise the issues in the trial court constitutes a waiver of the error claimed. State v. Comen (1990),50 Ohio St.3d 206, 211. Generally, "an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v. Childs (1968), 14 Ohio St.2d 56, paragraph three of the syllabus. Therefore, appellant waived this argument, and his second assignment is overruled.
 {¶ 13} We will address appellant's third and fourth assignments of error together. Appellant argues in his third assignment of error that the trial court erred in granting appellees summary judgment because there existed a genuine issue of fact as to whether the common-law doctrine of judicial immunity conflicted with his constitutional rights. Appellant argues in his fourth assignment of error that the trial court erred in failing to engage in an analysis of the liability of the city of Columbus before granting summary judgment in the instant case. However, the issues of judicial immunity and the liability of the city of Columbus were already disposed of by the trial court's dismissal of appellant's first complaint on June 28, 2002. Therefore, appellant's third and fourth assignments of error are overruled.
 {¶ 14} Accordingly, appellant's four assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Brown, P.J., Lazarus and Klatt, JJ., concur.