OPINION
{¶ 1} Plaintiff-appellant, Tara R. Thompson ("appellant"), appeals from the judgment of the Ohio Court of Claims, which dismissed appellant's complaint against defendant-appellee, The Ohio State University Hospitals ("appellee"). For the following reasons, we affirm.
 {¶ 2} This court detailed the facts pertinent to this appeal inThompson v. Ohio State Univ. Hosps., Franklin App. No. 06AP-1117,2007-Ohio-4668. Briefly, appellant *Page 2 
filed a medical malpractice complaint against appellee on September 19, 2002, but dismissed the complaint without prejudice on June 26, 2004. Appellant filed a second medical malpractice complaint against appellee on June 27, 2005. The trial court dismissed that complaint on October 2, 2006, "without prejudice." In Thompson, this court concluded that the October 2, 2006 judgment was a final appealable order because R.C. 2305.113, the Ohio savings statute, would preclude appellant from refiling her complaint against appellee. Thus, we concluded that, "even though the trial court's October 2, 2006 dismissal was without prejudice, the dismissal constitutes a final appealable order because appellant cannot refile her medical malpractice suit." Thompson
at ¶ 28. Having concluded that the order was final and appealable, we also addressed the merits of appellant's appeal and determined that the trial court did not abuse its discretion by dismissing her complaint pursuant to Civ. R. 41(B)(1). On these grounds, we affirmed the trial court's dismissal of appellant's second complaint against appellee.
 {¶ 3} On September 28, 2007, appellant filed a third medical malpractice complaint against appellee. Appellee moved to dismiss the complaint. Noting that the Supreme Court of Ohio had declined to accept jurisdiction of Thompson and relying on this court's prior opinion, the trial court granted the motion and dismissed the complaint.
 {¶ 4} Appellant filed a timely appeal. She raises the following assignment of error:
 THE OHIO COURT OF CLAIMS, THE TRIAL COURT, ERRED IN DISMISSING APPELLANT'S COMPLAINT WHILE SPECIFYING THAT IT HAD DONE SO "WITHOUT PREJUDICE," PURSUANT TO CIV. R. 41(B)(1) WHEN ITS DECISION HAD THE PRACTICAL EFFECT OF *Page 3 
ELIMINATING ANY LEGAL RECOURSE THEN AVAILABLE TO APPELLANT.
 {¶ 5} Through this assignment, appellant does not challenge the trial court's dismissal of her third complaint against appellee. Therefore, she presents no grounds on which we could reverse the final order on appeal before us in this case.
 {¶ 6} The challenge appellant does present relates to the trial court's dismissal of her second complaint, i.e., the dismissal that was at issue before us in Thompson. The doctrine of res judicata precludes "relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction." Reasoner v. City of Columbus, Franklin App. No. 04AP-800, 2005-Ohio-468, ¶ 5, citing State ex rel. Kroger Co. v. Indus.Comm., 80 Ohio St.3d 649, 651, 1998-Ohio-174. In order to apply the doctrine of res judicata we must conclude the following: "(1) there was a prior valid judgment on the merits; (2) the second action involved the same parties as the first action; (3) the present action raises claims that were or could have been litigated in the prior action; and (4) both actions arise out of the same transaction or occurrence."Reasoner at ¶ 5, citing Grava v. Parkman Twp., 73 Ohio St.3d 379,381-382, 1995-Ohio-331.
 {¶ 7} Here, our decision in Thompson was a judgment on the merits of appellant's claims regarding the trial court's dismissal of her second complaint, it involved the same parties, it raised the same claims, and it arose from the same set of circumstances. Therefore, res judicata precludes relitigation of these same issues, and we overrule appellant's assignment of error. *Page 4 
 {¶ 8} Having overruled appellant's only assignment of error, we affirm the judgment of the Ohio Court of Claims.
Judgment affirmed.
McGRATH, P.J., and T. BRYANT, J., concur.
T. BRYANT, J., retired, of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1