[Cite as *Harper v. Harper*, 2011-Ohio-2837.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JUDY CATHERINE HARPER | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 10-COA-028 |
| RICHARD HARPER | |
| Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Ashland Municipal Court,
Case No. 09-CV-H-1010

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     June 7, 2011

APPEARANCES:

For Plaintiff-Appellant     For Defendant-Appellee

THOMAS L. MASON     VALERIE A. LANG
Mason, Mason & Kearns     Halligan & Associates
Post Office Box 345     1181 East Main Street
153 West Main Street     P.O. Box 455
Ashland, Ohio 44805     Ashland, Ohio 44805

*Hoffman, J.*

{¶1} Plaintiff-appellant Judy Catherine Harper appeals the September 2, 2010 Decision and Judgment Order entered by the Ashland Municipal Court, which granted defendant-appellee Richard Lee Harper's Motion to Quash.

STATEMENT OF THE CASE AND FACTS

{¶2} Appellant and appellee were divorced via Decree filed by the Ashland County Court of Common Pleas on May 11, 2006. Appellee appealed therefrom on issues relating to the parties' agreed settlement. This Court rejected Appellee's arguments and affirmed. *Harper v. Harper*, Ashland App. No. 06-COA-017, 2007-Ohio-4021. Pursuant to the parties' agreed settlement, Appellee was to pay Appellant $30,000 in yearly installments of $10,000 for a period of three years. Appellee failed to make the first of the installment payments. On October 4, 2006, the Ashland County Court of Common Pleas issued a Certificate of Judgment in favor of Appellant against Appellee in the amount of $10,000 plus interest.

{¶3} On June 8, 2009, Appellant filed a motion in the Ashland Municipal Court, seeking to file the Certificate of Judgment for the purpose of filing a wage garnishment against Appellee. On February 12, 2010, Appellant filed an Affidavit and Motion for Examination of Judgment Debtor. The trial court scheduled a debtor's examination for March 8, 2010. On the day of the hearing, Appellee filed a motion to modify the garnishment order and stay further execution of the judgment. The trial court stayed the disbursement of the garnished proceeds pending further order, and rescheduled the debtor's examination until March 16, 2010. Appellant filed a memorandum in opposition to which Appellee filed a reply. Appellee subsequently filed a supplemental motion to

terminate the garnishment, explaining the debt had been discharged in bankruptcy on October 31, 2008. Via Judgment Entry filed March 26, 2010, the trial court terminated the garnishment.

{¶4} On April 28, 2010, Appellant filed a Motion for Relief from Judgment pursuant to Civ. R. 60(B)(1) and (3). Appellant argued the trial court was mistaken in its interpretation of the effect of the 2005 changes in the Bankruptcy law. Via Judgment Entry filed June 10, 2010, the trial court overruled Appellant's 60(B) motion, finding Appellant could not use such motion as a substitute for a timely appeal.

{¶5} Thereafter, on June 24, 2010, Appellant filed a Notice of Court Proceeding to Collect Debt. Appellee filed a motion to quash. The trial court ordered all proceedings stayed pending hearing on Appellee's motion. After the hearing, the trial court allowed Appellee to file a memorandum of law on the issue of res judicata. Appellant filed a memorandum in opposition. Via Decision and Judgment Order filed September 2, 2010, the trial court granted Appellee's motion to quash and dismissed Appellant's collection proceedings.

{¶6} It is from this judgment entry Appellant appeals, raising as error:

{¶7} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ORDERING THAT A DOMESTIC SUPPORT OBLIGATION (DSO) WAS DISCHARGED IN BANKRUPTCY, AND THEN FINDING THAT THE DEBT COULD NEVER BE COLLECTED DUE TO THE DOCTRINE OF RES JUDICATA."[1]

---

[1] We find the trial court's order does not find the debt could never be collected. Rather, we find its legal effect was only that the debt as reduced to judgment was not collectible via garnishment.

I

{¶8} In her sole assignment of error, Appellant contends the trial court erred in finding the domestic support obligation had been discharged in Bankruptcy, and further finding the debt could not be collected based upon the doctrine of res judicata.

{¶9} The doctrine of res judicata precludes "relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction." *Reasoner v. Columbus,* 10th Dist. No. 04AP-800, 2005-Ohio-468, ¶ 5, citing *State ex rel. Kroger Co. v. Indus. Comm.,* 80 Ohio St.3d 649, 651, 1998-Ohio-174. In order to apply the doctrine of res judicata, we must conclude the following: "(1) there was a prior valid judgment on the merits; (2) the second action involved the same parties as the first action; (3) the present action raises claims that were or could have been litigated in the prior action; and (4) both actions arise out of the same transaction or occurrence." *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 380-82, 1995-Ohio-331.

{¶10} The doctrine of res judicata has two aspects: claim preclusion and issue preclusion. *Grava* at 380. Claim preclusion holds that a valid, final judgment on the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. Id. at syllabus. Issue preclusion, also known as collateral estoppel, provides that "a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different." *Ft. Frye Teachers Assn. v. State Emp. Relations Bd.,*

81 Ohio St.3d 392, 395, 1998-Ohio-435. While claim preclusion precludes relitigation of the same cause of action, issue preclusion precludes relitigation of an issue that has been actually and necessarily litigated and determined in a prior action. Id*., citing Whitehead v. Gen. Tel. Co.* (1969), 20 Ohio St.2d 108, 112.

{¶11} The March 26, 2010 Judgment Entry, granting Appellee's motion to terminate wage garnishment constituted a final decision on the merits. Appellant's remedy was to appeal that decision. Appellant did not do so. Rather, Appellant filed a Civ. R. 60(B) motion for relief from judgment. The trial court overruled the motion via Judgment Entry filed June 10, 2010, correctly finding Appellant could not use a Civ. R. 60(B) as a substitute for an appeal. We note Appellant did not appeal this judgment entry. Instead, Appellant again attempted to collaterally attack the judgments by filing a notice to collect debt. Having failed to appeal at the appropriate time, we find the filing of Appellant's Notice to Collect was a collateral attack and is barred by res judicata and the law of the case doctrine.

{¶12} We further note res judicata consequences cannot alter the trial court's March 26, 2010 Judgment Entry, even if the trial court decision was based upon an error of law. See, *Angel v. Bullington* (1947), 330 U.S. 183, 187.

{¶13} Appellant's sole assignment of error is overruled.

{¶14} The judgment of the Ashland Municipal Court is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Delaney, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

JUDY CATHERINE HARPER           :
                                :
    Plaintiff-Appellant         :
                                :
-vs-                            :               JUDGMENT ENTRY
                                :
RICHARD HARPER                  :
                                :
    Defendant-Appellee          :               Case No. 10-COA-028


For the reasons stated in our accompanying Opinion, The judgment of the Ashland Municipal Court is affirmed.  Costs to Appellant.



s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin  _____
HON. W. SCOTT GWIN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY