OPINION
{¶ 1} Gary Hogue appeals from judgments of the Clark County Court of Common Pleas, which dismissed his complaint for employer intentional tort, pursuant to Civ.R. 12(B)(6), *Page 2 
and denied his motion for relief from judgment (titled a "request for reconsideration"), pursuant to Civ.R. 60(B). For the following reasons, the judgments of the trial court will be affirmed.
 {¶ 2} According to Hogue's complaint, on February 6, 1998, an electric cart owned and maintained by his employer, Navistar International Truck and Engine Corporation ("Navistar"), malfunctioned and struck him. Hogue suffered injuries to his elbow, neck and back.
 {¶ 3} On November 8, 2002, Hogue brought suit against Navistar for employer intentional tort. Hogue alleged that Navistar "intentionally failed to maintain the electric cart, allowing it to become and remain in a state of disrepair, and in a state such that it posed a danger to employees, and still permitted its use and operation." He further alleged that his injury "was the result of [Navistar's] operation, maintenance, and training with regard to the electric cart at the location in question, and such operation, maintenance and training were in careless disregard of the safety, and well-being of its employees, including Plaintiff, Gary L. Hogue. Said conduct on the part of [Navistar] was such that Navistar knew, or should have known that injury would occur, or was substantially certain to occur, but yet [Navistar] required [Hogue] to work in such a condition * * *"
 {¶ 4} On December 11, 2002, Navistar filed a motion to dismiss the complaint, pursuant to Civ.R. 12(B)(6). Navistar argued that Hogue had failed to provide specific allegations regarding the circumstances of the accident, failed to demonstrate that a dangerous condition existed, and failed to plead facts which described the alleged defect in the cart, Navistar's knowledge of the defect, and how the defect caused the malfunction. Hogue opposed the motion, arguing that his employer intentional tort claim was sufficiently pled. On February 13, 2003, Navistar filed a reply memorandum. *Page 3 
 {¶ 5} On March 23, 2006 — more than three years later — the trial court granted Navistar's motion to dismiss. The trial court reasoned:
 {¶ 6} "Here, Hogue alleges that Navistar failed to maintain the golf cart, allowed it to be in a state of disrepair, and permitted its continued operation. He further alleges that Navistar `knew, or should have known that injury would occur, or was substantially certain to occur.'
 {¶ 7} "The Court finds that the complaint does not set forth facts with the degree of particularity required to prevail past a motion to dismiss. Rather, the complaint contains conclusory allegations that track the language of the standard. Stating that Navistar failed to maintain the golf cart and that it was in a state of disrepair are not specific facts but conclusory assertions. Moreover, these assertions alone do not reasonably lead to an inference that knowledge should be imputed to Navistar so as to conclude that Navistar `desired to produce the result.' Thus, Navistar could not be substantially certain that injury would occur."
 {¶ 8} At the conclusion of its ruling, the court instructed counsel for Navistar to submit an appropriate entry within ten days of receipt of the order.
 {¶ 9} On April 11, 2006, Hogue filed a "request for reconsideration" of the order granting the motion to dismiss, pursuant to Civ.R. 60(B). He stated that he was "convinced that he has set forth a sufficient amount of facts in the pleadings to establish a cause of action against the Defendant/Employer." In support of his motion for relief from judgment, Hogue attached an affidavit in which he provided details about the condition and maintenance of the electric cart and about the accident.
 {¶ 10} On May 10, 2006, the trial court filed a judgment entry dismissing Hogue's complaint with prejudice. The same day, the trial court overruled Hogue's "motion for *Page 4 
reconsideration."[1]
 {¶ 11} Hogue appeals from the dismissal of his complaint and the denial of his Civ.R. 60(B) motion, raising two assignments of error.
 a. "THE TRIAL COURT ERRED WHEN IT RULED THAT PLAINTIFF DID NOT ASSERT ENOUGH FACTS TO WARRANT RECOVERY UNDER APPLICABLE INTENTIONAL TORT PRINCIPLES."
 {¶ 12} In his first assignment of error, Hogue claims that the trial court erred in dismissing his complaint, pursuant to Civ.R. 12(B)(6).
 {¶ 13} "A motion to dismiss a complaint for failure to state a claim upon which relief can be granted, pursuant to Civ.R.12(B)(6), tests the sufficiency of a complaint. In order to prevail, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to relief. O'Brien v. University Community Tenants Union,Inc. (1975), 42 Ohio St.2d 242, 327 N.E.2d 753, at syllabus. The court must construe the complaint in the light most favorable to the plaintiff, presume all of the factual allegations in the complaint as true, and make all reasonable inferences in favor of the plaintiff.Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192,532 N.E.2d 753. We review de novo the trial court's granting of a Civ.R. 12(B)(6) motion to dismiss." Grover v. Bartsch, 170 Ohio App.3d 188,2006-Ohio-6115, 866 N.E.2d 547, ¶ 16.
 {¶ 14} A claim of employer intentional tort is subject to a heightened pleading *Page 5 
requirement. Grubbs v. Emery Air Freight Corp. (Dec. 17, 1999), Montgomery App. No. 17848. "A claim of intentional tort against an employer will be dismissed as failing to establish that the pleader is entitled to relief unless the complaint alleges facts showing that the employer: (1) specifically desired to injure the employee; or (2) knew that injury to an employee was certain or substantially certain to result from the employer's act and, despite this knowledge, still proceeded." (Emphasis added.) Mitchell, supra, at syllabus.
 {¶ 15} Relying primarily on Mitchell and Grubbs, Navistar argues that Hogue's complaint fails to meet the heightened pleading standard. InMitchell, the claims arose out of a hold-up at a convenience store during which Mary Mitchell was fatally shot. The administrator of her estate brought suit, alleging that the store "contained no alarms, protective glass, cameras or other security devices" and that her employer had failed to provide training or instruction on handling violent situations. The complaint further alleged that the employer knew or should have known that its employees were subject to armed robberies, that the employer engaged in intentional misconduct, and that it knew or should have known that injury was substantially certain to occur. On review, the supreme court found the allegations to be deficient, stating:
 {¶ 16} "Taking the facts of the complaint as true and construing them in [Mitchell's] favor, those facts fail to establish a claim for intentional tort. The facts are easy to grasp and are undisputed: a death resulted from the hold-up of a convenience store. Even if Lawson failed to equip its stores with security devices or provide its employees with training in handling violent situations, it does not follow that Lawson knew that injury to its employees was certain, or substantially certain, to result. This is so, even if we assume that the Lawson store was in a high-crime-rate area. *Page 6 
 {¶ 17} "Unsupported conclusions that appellant committed an intentional tort are not taken as admitted by a motion to dismiss and are not sufficient to withstand such a motion. This principle is important in resolving claims of intentional tort against an employer. Virtually every injury in the workplace can be made the basis for a claim of intentional tort if the unsupported conclusion that the employer intended to injure the employee is allowed to prevail over factual allegations which preclude the possibility of intentional tort. We do not serve the interest of employees, employers or the administration of justice in the already over-docketed courts of Ohio if we permit claims to go forward which, on the face of the pleading, have no chance of success." (Emphasis sic.) Id. at 192-93 (citation omitted).
 {¶ 18} In Grubbs, this Court held that an employee failed to meet the requirements of Mitchell when he alleged that he was struck by a forklift driven by another employee. The employee had also alleged, in a conclusory fashion, that Emery, his employer, knew the work conditions were unsafe and substantially certain to cause injury, but required him to work around dangerous equipment and unsafe working conditions. Grubbs also alleged that Emery "disregarded the fact that [he] needed to be warned and instructed about the unsafe and dangerous equipment and unsafe working conditions, including, but not limited to the aforementioned fork lift." In addition, he alleged that Emery had failed to adequately train him "on the dangerous equipment and unsafe working conditions," and that Emery failed to "provide proper safety procedures concerning the forklift and unsafe working conditions." We concluded that the allegations were conclusory, and that the plaintiff had failed to allege a factual basis or background for the claims. We noted that there was no information in the complaint about the circumstances of the accident and about why the conditions were dangerous. In addition, there *Page 7 
were no factual allegations indicating that Emery had knowledge that the equipment or working conditions were dangerous or that injury was substantially certain to occur. Grubbs, supra.
 {¶ 19} In support of his assertion that his complaint is sufficient, Hogue contends that Tulloh v. Goodyear Atomic Corp. (1992),62 Ohio St.3d 541, 584 N.E.2d 729, overruled on other grounds, Painter v.Graley, 70 Ohio St.3d 377, 1994-Ohio-334, 639 N.E.2d 51, is "exactly on point and controls." In Tulloh, the plaintiff alleged that, while working at a plant owned by Goodyear and then Martin Marietta Energy Systems, he was exposed to radioactive dust, chips and fumes, which caused him to suffer from various physical ailments. Tulloh alleged that both employers knew a health hazard existed from his exposure to the radioactive materials. Tulloh subsequently brought suit for employer intentional tort and wrongful discharge, which he alleged was in retaliation for voicing his concerns about safety violations. His allegations regarding his intentional tort claim stated:
 {¶ 20} "8. Plaintiff was exposed to hazardous radioactive dust, chips and fumes due to his position as a uranium materials handle [sic] for Defendants.
 {¶ 21} "9. Defendants failed to exercise their duties to establish, maintain and control health and safety standards at the Plant.
 {¶ 22} "10. Defendant Goodyear concealed critical information and knowledge concerning the injurious effect exposure to the uranium materials being processed at the Plant would have on Plaintiff.
 {¶ 23} "11. Defendants knew, or should have known, that exposure to uranium and other radioactive materials posed a severe health hazard to Plaintiff.
 {¶ 24} "12. Defendants intentionally and willfully continued to expose Plaintiff to said *Page 8 
health hazards, failed to warn Plaintiff of the hazards, and concealed critical information from Plaintiff and others concerning the work environment.
 {¶ 25} "13. Defendants['] actions were intentional, willful and committed with an intent to injure and with the belief that injury was substantially certain to occur.
 {¶ 26} "14. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered from sinusitis, pharyngitis, laryngitis, abdominal plain [sic], cramping, vomiting, nausea and extreme upper respiratory and gastrointestinal dysfunction, as well as emotional pain and suffering."
 {¶ 27} On review of the dismissal of the intentional tort claim, the supreme court found Tulloh's allegations to be sufficient. It noted that, "[w]hile Tulloh ultimately states in his complaint his conclusion that appellees' acts were intentional, the factual allegations in the complaint also lead to the same conclusion." The court indicated that Tulloh had averred in his complaint that his employers had concealed information regarding the dangers of the radioactive materials after they became aware of the risks, and the court was required to accept those allegations as true.
 {¶ 28} In the case before us, we agree with the trial court that the complaint fails to allege facts sufficient to state a claim for an employer intentional tort. Hogue's complaint alleged that an electric cart malfunctioned and struck him. As in Grubbs, there are no allegations as to the circumstances of the accident. Although Hogue alleges that Navistar "intentionally failed to maintain the electric cart, allowing it to become and remain in a state of disrepair," there are no factual allegations that Navistar was aware that the electric cart was dangerous and yet it required Hogue to work under unsafe conditions. Moreover, the complaint *Page 9 
is devoid of allegations to support the assertion that injury was substantially certain to occur. Unlike the complaint in Tulloh, there are insufficient factual allegations in Hogue's complaint to support the conclusion that Navistar knew that injury to an employee was certain or substantially certain to result from the use of the electric cart. Accordingly, the trial court did not err when it dismissed Hogue's complaint pursuant to Civ.R. 12(B)(6).
 {¶ 29} Finally, Hogue asserts that trial courts within this appellate district have found allegations similar to Hogue's to be sufficient to withstand a Civ.R. 12(B)(6) motion to dismiss. Hogue cites toKuhbander v. General Motors Corp., Montgomery Case No. 98-4511, andGleason v. AM. Gilardi Sons, Inc., Shelby Case No. 98-CV-166.[2] The cases to which Hogue has cited are not binding on this Court, and having reviewed the complaint, we find that the allegations are insufficient to state a claim for an employer intentional tort.
 {¶ 30} The first assignment of error is overruled.
 {¶ 31} "THE TRIAL COURT ERRED WHEN IT DID NOT GRANT PLAINTIFF'S MOTION FOR RECONSIDERATION."
 {¶ 32} In his second assignment of error, Hogue claims that the trial court should have granted him relief from judgment, pursuant to Civ.R. 60(B). In overruling Hogue's motion, the trial court had reiterated that Hogue had failed to plead "sufficient facts to make out a claim for an intentional tort against the employer such that the claim is outside the immunity granted by the worker's compensation scheme."
 {¶ 33} To prevail on a motion under Civ.R. 60(B), the movant must demonstrate that: *Page 10 
(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time and, where the grounds for relief are Civ.R. 60(B)(1)-(3), not more than one year after the order, judgment or proceeding was entered or taken. GTE Automatic Elec, Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. "If any of these requirements are not met, the trial court must overrule the Civ. R. 60(B) motion." Jones v.Gayhart, Montgomery App. No. 21838, 2007-Ohio-3584, ¶ 9, citing RoseChevrolet Inc. v. Adams (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564. We review the trial court's decision for abuse of discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122.
 {¶ 34} On appeal, Hogue asserts that relief from judgment was appropriate under Civ.R. 60(B)(5), which provides that a court may relieve a party from a final judgment for "any other reason justifying relief from the judgment." He argues that his affidavit "should provide more than sufficient testimony in support of the claims made in the Complaint, such that dismissal under Rule 12(B) should not be granted." In essence, Hogue contends that his affidavit provides facts to demonstrate that he had a meritorious claim. Hogue's motion was filed shortly after the granting of Navistar's motion to dismiss; there is no question that Hogue's Civ.R. 60(B) motion was timely.
 {¶ 35} In response, Navistar argues that Hogue's affidavit did not cure the deficiencies in his complaint, and the company asserts that the present circumstances are not "unusual or extraordinary" such that relief from judgment is required. Navistar further argues that Hogue's affidavit fails to provide sufficient facts to meet the pleading requirements for an employer *Page 11 
intentional tort claim.
 {¶ 36} Hogue's affidavit averred the following facts:
 {¶ 37} "2. On February 6, 1998[,] I was injured while in the course and arising out of my employment at Navistar International, sustaining neck and back injuries.
 {¶ 38} "3. This injury was caused by a fellow employee driving an electrical [sic] cart used for maintenance, which struck me as I was speaking to a foreman at the time.
 {¶ 39} "4. The cart that injured me was an electric cart similar to a golf cart, in that it has an electric motor, and is silent in operation. The cart that struck me was, however, much smaller than a golf cart commonly seen by members of the general public, but was used often by employee's [sic] of Navistar International. The Plant was so large that it was common to have modes of transportation to move about the facility instead of walking.
 {¶ 40} "5. The cart that injured me was actually taken out of service because it was malfunctioning. The wiring was problematic, and my employer experienced difficulties with it. I have personal knowledge of this as I personally witnessed the cart in question sitting in a scrap pile in the maintenance area, tagged for disposal, and I personally witnessed the cart giving people troubles after it was put back into service.
 {¶ 41} "6. Later on I saw that this cart was then in use by Navistar again, and I was taken aback at this because I had seen it designated for disposal. I personally witnessed fellow-employees and management people, including Supervisor Jack Caudill[,] driving it.
 {¶ 42} "7. It is common practice to get something like this out of the scrap pile and fix it up to use somewhere out in the plant. The fixing up of such items is almost always a `jerry rig' of the item, and not in accordance with manufacturer's standards. I have personal *Page 12 
knowledge of this, as I have done it myself.
 {¶ 43} "8. My employer had full knowledge of this practice, and in fact encouraged same as evidenced by members of Management using the truck in question, and not ordering it to remain in the scrap pile in the disposal area.
 {¶ 44} "9. If management would have followed through with the taking of this cart out of service, and which said cart was in fact designated for removal, and disposal were [sic] then this injury to me which took place on February 6, 1998 would never have taken place.
 {¶ 45} "10. My employer had full knowledge of the dangers of this situation, and in fact allowed such a refurbishment of said cart to take place knowing other employees were injured by the very same situation."
 {¶ 46} In our view, the facts alleged in Hogue' s affidavit are still insufficient to assert a potentially meritorious claim for an employer intentional tort. Hogue averred therein that he was struck by an electric cart that (1) had been tagged for disposal due to wiring problems, (2) had been returned to service, most likely without proper repairs, and (3) had continued not to function properly. Hogue further stated that management had condoned the "jerry rigged" repairs despite knowledge that other injuries had resulted, knew that the disposed cart had been returned to service, and had used it. Glaringly missing, however, are allegations that Navistar knew or should have known that the cart was dangerous or that it was substantially certain that injury would occur. Hogue's allegation that the car was "giving people troubles" does not indicate that the "troubles" were dangerous. Accordingly, accepting the facts averred in the affidavit as true, Hogue has not presented sufficient facts to support that he has a potentially meritorious claim for an employer intentional tort. *Page 13 
 {¶ 47} Moreover, Hogue has not established that he was entitled to relief under Civ.R. 60(B)(5). Although Civ.R. 60(B)(5) may be used to vacate a dismissal under Civ.R. 12(B)(6) in order to allow the plaintiff to file an amended complaint, Western Ins. Co. v. Lumbermans Mut. Ins.Co. (1985), 26 Ohio App.3d 137, 499 N.E.2d 1, Hogue has not indicated that he wishes to file an amended complaint to conform withMitchell s heightened pleading requirements. To the contrary, he has attached his affidavit in order to establish that, if he were allowed to proceed on his present complaint, he would be able to substantiate his claim. As argued by Navistar, Hogue's subsequently-filed affidavit could not cure his deficient complaint, and the trial court was not permitted to consider evidence outside of the pleadings when ruling on Navistar's Civ.R. 12(B)(6) motion.
 {¶ 48} The trial court did not err when it overruled Hogue's motion for relief from judgment, pursuant to Civ.R. 60(B).
 {¶ 49} The second assignment of error is overruled.
 {¶ 50} The judgments of the trial court will be affirmed.
BROGAN, J. and DONOVAN, J., concur.
(Hon. Anthony Valen retired from the Twelfth District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
[1] Although the judgment entry dismissing Hogue's complaint appears to have been filed first, the order overruling the "motion for reconsideration" states that "counsel for Navistar has not submitted the judgment entry pursuant to the decision sustaining the motion to dismiss. Counsel shall do so with expediency."
[2] We note that Shelby County is in the Third District Court of Appeals, not this appellate district. *Page 1