OPINION *Page 2 
{¶ 1} Plaintiff-Appellant, Cindy Wright, as Administratrix of the Estate of James Wright, appeals the judgment of the Tuscarawas County Court of Common Pleas to dismiss Appellant's complaint with prejudice pursuant to Civ. R. 12(B)(6).
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} On June 10, 2005, James Wright was working in the scope and course of his employment mining coal for Appellee, Tusky Coal, LLC ("Tusky Coal"). That afternoon, James Wright was fatally injured due to an accident with a shuttle car operated by Appellee, Nathan Daniels ("Daniels").
 {¶ 3} Appellant filed a complaint in the Tuscarawas County Court of Common Pleas alleging claims of employer intentional tort against Tusky Coal and Daniels. Tusky Coal and Daniels filed a Joint Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim. The parties argued Appellant's complaint should be dismissed pursuant to Civ. R. 12(B)(6) because Appellant did not plead facts supporting standing; Appellees were immune from liability; and Appellant failed to plead operative facts with particularity as required in employer intentional tort cases.
 {¶ 4} Appellant filed a response to the Joint Motion to Dismiss. She also filed a Motion for Leave to File Amended Complaint in which Appellant cured the standing issue. The trial court granted the motion and Appellees filed a Joint Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim. Appellees argued Appellant's first amended complaint failed to state a claim due to its failure to meet the heightened pleading requirements for a claim of employer intentional tort. *Page 3 
 {¶ 5} The trial court conducted a non-oral hearing and granted Appellee's joint motion to dismiss on May 4, 2007. The trial court found that Appellant's first amended complaint failed to meet the heightened pleading requirements for a claim for employer intentional tort as to both Tusky Coal and Daniels and therefore Appellant could prove no set of facts in support of her claim pursuant to the standards of Civ. R. 12(B)(6).
 {¶ 6} Appellant filed a Request for Clarification of Judgment Entry on May 29, 2007. Appellant requested the trial court clarify its May 4, 2007 judgment entry to determine whether the entry granting Appellees joint motion for dismissal was a dismissal with or without prejudice.[1] The trial court held on June 28, 2007 that the May 4, 2007 judgment entry was a dismissal with prejudice.
 {¶ 7} Appellant now appeals and raises two Assignments of Error:
 {¶ 8} "I. THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF'S COMPLAINT PURSUANT TO OHIO CIVIL RULE 12(B)(6) AS PLAINTIFF'S COMPLAINT ALLEGED FACTS SUFFICIENT TO SATISFY THE HEIGHTENED PLEADING REQUIREMENTS FOR AN EMPLOYER INTENTIONAL TORT ACCORDING TO THE COMMON LAW.
 {¶ 9} "II. THE TRIAL COURT ABUSED ITS DISCRETION BY IMPROPERLY DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE AS A DISMISSAL PURSUANT TO OHIO CIVIL RULE 12(B)(6) SHOULD BE CLASSIFIED AS `OTHER THAN ON THE MERITS' AND SHOULD BE DISMISSED WITHOUT PREJUDICE."
 I. *Page 4 {¶ 10} Appellant argues in her first Assignment of Error the trial court erred in dismissing Appellant's complaint pursuant to Civ. R. 12(B)(6) because the complaint met the appropriate pleading requirements for an employer intentional tort. Upon review of Appellant's complaint, we agree with the trial court that Appellant's complaint fails to allege facts sufficient to withstand the scrutiny under Civ. R. 12(B)(6).
 {¶ 11} When a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190,192, 532 N.E.2d 753. In order for the trial court to grant a motion to dismiss for failure to state a claim under Civ. R. 12(B)(6), it must appear "`beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" O'Brien v.University Community Tenants Union (1975), 42 Ohio St.2d 242, 245,327 N.E.2d 753, citing Conley v. Gibson (1957), 335 U.S. 41, 45-56. Our standard of review on a Civ. R. 12(B)(6) motion to dismiss is de novo.Greely v. Miami Valley Maintenance Contrs. Inc. (1990),49 Ohio St.3d 228.
 {¶ 12} While Civ. R. 8(E)(1) requires that pleadings be "simple, concise and direct" and does not require "technical forms of pleading," the Ohio Supreme Court has carved "out a heightened standard of review for Civ. R. 12(B)(6) motions in the intentional tort context." Byrd v.Faber (1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584. "Citing the need to deter the number of baseless claims against employers, the importance of preventing every working place injury from being converted into an intentional tort claim, and the goal of facilitating the efficient administration of justice, [the Ohio Supreme Court] held that in order to survive a Civ. R. 12(B)(6) motion to *Page 5 
dismiss, a plaintiff bringing an intentional tort claim against an employer must allege certain facts with particularity." Id. at 60-61. Specifically, the Ohio Supreme Court held in Mitchell, supra, that,
 {¶ 13} "[a] claim of intentional tort against an employer will be dismissed as failing to establish that the pleader is entitled to relief unless the complaint alleges facts showing that the employer: (1) specifically desired to injure the employee; or (2) knew that injury to an employee was certain or substantially certain to result from the employer's act and despite this knowledge, still proceeded." (Emphasis added.) Mitchell, at syllabus.
 {¶ 14} The relevant portions of Appellant's complaint against Tusky Coal state that:
 {¶ 15} "1. That on the 10th day of June, 2005, decedent, James Wright, was an employee of Defendant, Tusky Coal, LLC.
 {¶ 16} "* * *
 {¶ 17} "4. That on June 10, 2005, Plaintiff's decedent, James Wright, was fatally wounded while in the scope of his employment with Defendant and as a direct and proximate result of Defendant's intentional actions.
 {¶ 18} "* * *
 {¶ 19} "6. On June 10, 2005, Defendant, through its agents/employees/servants, intentionally and recklessly failed to have any type of safeguard or security systems to prevent fatalities, such as that of decedent herein, by having a safety policy requiring that self-propelled coal mining cars sound an audible warning siren when preceding (sic). *Page 6 
 {¶ 20} "7. That Defendant did intentionally and recklessly cause the death of decedent by further failing to mandate a policy where its employees would ensure, visibly and audibly, that individuals, including decedent were clear before moving a self-propelled shuttle car.
 {¶ 21} "8. That Defendant knew that as a result of this intentional and reckless failure, decedent would be killed if struck by such a shuttle car.
 {¶ 22} "9. That despite this knowledge and dangers of said shuttle cars in the coal mine, the Defendants, through its agents/employees/servants, intentionally and recklessly failed to take any action to prevent said death.
 {¶ 23} "10. That Defendants' failure did proximately and directly cause Plaintiff's decedent's death."
 {¶ 24} Relying on Mitchell, Appellees argue Appellant's complaint fails to meet the heightened pleading standard. In Mitchell, the claims arose out of a hold-up at a convenience store during which Mary Mitchell was fatally shot. The administrator of her estate brought suit, alleging that the store "contained no alarms, protective glass, cameras or other security devices" and that her employer had failed to provide training or instruction on handling violent situations. The complaint further alleged that the employer knew or should have known that its employees were subject to armed robberies, that the employer engaged in intentional misconduct, and that it knew or should have known that injury was substantially certain to occur. On review, the Ohio Supreme Court found the allegations to be deficient, stating:
 {¶ 25} "Taking the facts of the complaint as true and construing them in [Mitchell's] favor, those facts fail to establish a claim for intentional tort. The facts are *Page 7 
easy to grasp and are undisputed: a death resulted from the hold-up of a convenience store. Even if Lawson failed to equip its stores with security devices or provide its employees with training in handling violent situations, it does not follow that Lawson knew that injury to its employees was certain, or substantially certain, to result. This is so, even if we assume that the Lawson store was in a high-crime-rate area.
 {¶ 26} "Unsupported conclusions that appellant committed an intentional tort are not taken as admitted by a motion to dismiss and are not sufficient to withstand such a motion. This principle is important in resolving claims of intentional tort against an employer. Virtually every injury in the workplace can be made the basis for a claim of intentional tort if the unsupported conclusion that the employer intended to injure the employee is allowed to prevail over factual allegations which preclude the possibility of intentional tort. We do not serve the interest of employees, employers or the administration of justice in the already over-docketed courts of Ohio if we permit claims to go forward which, on the face of the pleading, have no chance of success." (Emphasis sic.) Id. at 192-93 (citation omitted).
 {¶ 27} In a factually similar scenario, the 2nd District in Grubbs v.Emery Air Freight Corp. (Dec. 17, 1999), 2nd Dist. No. 17848, analyzed a complaint for employer intentional tort under the guidelines established by Mitchell. In Grubbs, the court held that an employee failed to meet the requirements of Mitchell when he alleged that he was struck by a forklift driven by another employee. The employee had also alleged, in a conclusory fashion, that Emery, his employer, knew the work conditions were unsafe and substantially certain to cause injury, but required him to work around dangerous equipment and unsafe working conditions. Grubbs also alleged that Emery *Page 8 
"disregarded the fact that [he] needed to be warned and instructed about the unsafe and dangerous equipment and unsafe working conditions, including, but not limited to the aforementioned fork lift." In addition, he alleged that Emery had failed to adequately train him "on the dangerous equipment and unsafe working conditions," and that Emery failed to "provide proper safety procedures concerning the forklift and unsafe working conditions." The court concluded that the allegations were conclusory, and that the plaintiff had failed to allege a factual basis or background for the claims. The court noted that there was no information in the complaint about the circumstances of the accident and about why the conditions were dangerous. In addition, there were no factual allegations indicating that Emery had knowledge that the equipment or working conditions were dangerous or that injury was substantially certain to occur. Hogue v. Navistar Intl. Truck Engine, 2nd Dist. No. 2006 CA 85, 2007-Ohio-4720, ¶¶ 15-18, citingGrubbs, supra.
 {¶ 28} In the case before us, we agree with the trial court that the complaint fails to allege facts sufficient to state a claim for employer intentional tort. Appellant's complaint states that a shuttle car struck the decedent and killed him. There is no information provided concerning the circumstances surrounding the accident. Appellant alleges that Tusky Coal "did intentionally and recklessly cause the death of decedent by further failing to mandate a policy where its employees would ensure, visibly and audibly, that individuals, including decedent were clear before moving a self-propelled shuttle car," but there are no factual allegations that Tusky Coal was aware that an injury to an employee was certain or substantially certain to result from failing to mandate a policy for operation of the shuttle cars. We find the trial court did not err *Page 9 
when it dismissed Appellant's complaint for failing to meet the heightened pleading requirements of Mitchell, supra.
 {¶ 29} Appellant's complaint also brought a claim of employer intentional tort against decedent's co-worker, Daniels. Appellant's claims against Daniels state the following:
 {¶ 30} "11. Plaintiff realleges, as if fully rewritten herein, all of the allegations contained the First Claim of her Complaint.
 {¶ 31} "12. That Defendant, Nate Daniels, was an employee/agent/servant of Defendant, Tusky Coal, LLC, on June 10, 2005.
 {¶ 32} "13. Defendant, Nate Daniels, was acting in the scope of his employment with Defendant, Tusky Coal, LLC, when he recklessly and intentionally failed to sound an audible siren while operating the automatic shuttle car which then struck decedent killing him on said date.
 {¶ 33} "14. That as a direct and proximate cause of Defendant, Nate Daniels, intentional and reckless conduct while an employee/servant/agent of Defendant, Tusky Coal, LLC, Decedent, was killed."
 {¶ 34} For the reasons stated above, we find Appellant's complaint against Daniels also fails to meet the heightened pleading requirements of Mitchell, supra.
 {¶ 35} Appellant's first Assignment of Error is overruled.
 II. {¶ 36} Appellant argues in her second Assignment of Error that the trial court abused its discretion when it dismissed Appellant's complaint for failure to state a claim with prejudice. We disagree. *Page 10 
 {¶ 37} Appellant claims that a dismissal for failure to state a claim upon which relief can be granted under Civ. R. 12(B)(6) is not a judgment on the merits. We find the 10th District's holding inReasoner v. City of Columbus, 10th Dist. No. 04AP-800, 2005-Ohio-468, to be dispositive of this matter. In regards to the prejudicial status of a dismissal pursuant to Civ. R. 12(B)(6), the court held:
 {¶ 38} "Civ. R. 41 relates to dismissals of actions. Subsection (A) applies to voluntary dismissals, and subsection (B) applies to involuntary dismissals. Because the June 28, 2002 dismissal at issue in the present case was ordered by the court, it was an involuntary dismissal pursuant to Civ. R. 41(B), which provides that, when a plaintiff fails to comply with the Civil Rules, the court may dismiss the action. Civ. R. 41(B)(3) provides that a dismissal under subsection (B) and any dismissal not provided for in Civ. R. 41, except as provided in (B)(4) of the rule, operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies. In the present case, the exception for dismissals under (B)(4) did not apply because the prior dismissal was not for lack of personal or subject-matter jurisdiction or the failure to join a party. Accordingly, the previous dismissal must be deemed to have been on the merits pursuant to Civ. R. 41(B)(3), unless the court specified otherwise in its order." Id. at ¶ 7.
 {¶ 39} In the present case, the May 4, 2007 dismissal order failed to state that it was without prejudice or that it was not on the merits, therefore the dismissal must be automatically categorized as a dismissal with prejudice or on the merits under Civ. R. 41(B)(3). Id. The trial court clarified as such in its June 28, 2007 judgment entry stating that it dismissed the matter with prejudice.
 {¶ 40} Accordingly, Appellant's second Assignment of Error is overruled. *Page 11 
 {¶ 41} The judgment of the Tuscarawas County Court of Common Pleas is affirmed.
Delaney, J. and Edwards, J. concur, Gwin, P.J. dissents.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Appellant filed a new complaint with the Tuscarawas County Court of Common Pleas against Appellees on June 8, 2007, pleading her cause of action for employer intentional tort with greater particularity. See Case No. 07 CT 06 0420. Appellees have filed a Joint Motion to Dismiss and as of the date of this opinion and judgment entry, the matter is pending before the trial court. *Page 12